UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERLDALE DIVISION

CASE NO:

ZOILA HAON, on behalf of herself
and all others similarly situated,

    Plaintiff

vs.

AROMA MARKET AND CATERING, INC.
a Florida Profit Corporation, AROMA BOCA, INC.,
a Florida Profit Corporation, MEIR YALOZ, individually
and GIL RIBAK, individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, ZOILA HAON, ("HAON" OF "Plaintiff"), by and through her undersigned counsel, files this, Collective Action Complaint for Damages against Defendants, AROMA MARKET AND CATERING, INC., a Florida for-profit corporation, (hereinafter "AROMA MARKET"), AROMA BOCA, INC., a Florida Profit Corporation ("AROMA BOCA"), MEIR YALOZ, individually (hereinafter "YALOZ") and GIL RIBAK, individually, (hereinafter, "RIBAK") (collectively, "Defendants") and states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for Defendants' failure to pay Plaintiff and other current and former similarly situated employees ("class members") overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA. Plaintiffs brings this suit as a collective action pursuant to Section 216(b) of the FLSA.

2. The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA establishes

minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See, Billingsley v. Citi Trends Inc.,* 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

3. As non-exempt employees, Plaintiff and the class members are entitled to the applicable overtime wage rate for each overtime hour they were suffered and permitted to work by Defendant. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

4. Plaintiff, ZOILA HAON's consent to act as Class Representative in this Section 216(b) is attached as Exhibit A.

5. Plaintiff seeks conditional certification of the following class:

> All non-exempt hourly paid employees, including but not limited to: Deli Personnel, Cashiers, Stockers, Baggers, Kitchen staff and Cleaning personnel, who worked for Defendants at any location during the relevant limitations period who were not paid full and proper overtime compensation for hours worked over forty (40) per workweek and who were automatically deducted a thirty (30) minute automatic meal break(s), although you did not actually take these breaks.

## II.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

7. At all times pertinent to this Collective Action Complaint, the corporate Defendant, AROMA was an enterprise engaged in interstate commerce.

8. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

9. Defendants operated a grocery market and catering store. Plaintiff's work, and the work of the purported class members, involved handling on a regular and recurrent basis "goods"

or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

10. At all times pertinent to this Collective Action Complaint, Defendants' operated as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states and the Defendants obtain and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds out side the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

11. Upon information and belief, during the relevant time, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00, per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

12. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

13. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Southern District of Florida.

14. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because at least one of Defendants maintains and transacts business in this district, and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III.     PARTIES

**A.     Plaintiff**

15. At all times material hereto, HAON, was and continues to be a resident of Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

16. HAON, at all material times, was a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

17. Defendants employed HAON as a non-exempt hourly paid employee in Cooper City, Florida and Boca Raton Raton, Florida.

18. During the Liability Period, HAON, and all others similarly situated non-exempt hourly paid employees, worked their scheduled hours and more, but were not paid for any hours

over forty(40) per workweek because Defendants manipulated employees' time records to reflect less hours than what were actually worked.

### B. **Defendants**

19. At all times material hereto, corporate Defendant, AROMA MARKETING was conducting business in Cooper City, Florida in Broward County, Florida, as well as Boca Raton, Florida with its principal place of business in Cooper City, Florida.

20. Within the relevant time period, AROMA MARKETING has been a corporation organized under the laws of the State of Florida.

21. At all times relevant hereto, AROMA MARKETING has maintained offices and conducted business throughout Florida and within this judicial district and is therefore within the jurisdiction of this Court.

22. At all times relevant hereto, AROMA MARKETING was/is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

23. At all-time relevant hereto, AROMA MARKETING has two (2) or more employees who have handled goods that moved in interstate commerce.

24. At all times relevant hereto, AROMA MARKETING was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

25. At all times material hereto, corporate Defendant, AROMA BOCA was conducting business in Boca Raton, Florida in Palm Beach County, Florida,

26. Within the relevant time period, AROMA BOCA has been a corporation organized under the laws of the State of Florida.

27. At all times relevant hereto, AROMA BOCA has maintained offices and conducted business throughout Florida and within this judicial district and is therefore within the jurisdiction of this Court.

28. At all times relevant hereto, AROMA BOCA was/is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

29. At all-time relevant hereto, AROMA BOCA has two (2) or more employees who have handled goods that moved in interstate commerce.

30. At all times relevant hereto, AROMA BOCA was Plaintiff's "employer" as that term is

defined by the FLSA, 29 U.S.C. §203(d).

31. YALOZ is a citizen and resident of Florida and has exerted a substantial amount of control over significant aspects of Defendants' day to day operations during all relevant time periods.

32. Additionally, YALOZ controlled the finances and operations of Defendants.

33. In managing the day-to-day operations of Defendants, YALOZ made decisions concerning work, staffing, pay policies and compensation.

34. Defendant, YALOZ was engaged in business in the State of Florida.

35. RIBAK is a citizen and resident of Florida and has exerted a substantial amount of control over significant aspects of Defendants' day to day operations during all relevant time periods.

36. Additionally, RIBAK controlled the finances and operations of Defendants.

37. In managing the day-to-day operations of Defendants, RIBAK made decisions concerning work, staffing, pay policies and compensation.

38. Defendant, RIBAK was engaged in business in the State of Florida.

39. On information and belief, YALOZ and RIBAK acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of YALOZ and RIBAK are legally attributable to each other.

40. On information and belief, AROMA MARKETING, AROMA BOCA, YALOZ and RIBAK acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of AROMA MARKETING, AROMA BOCA, YALOZ and RIBAK are legally attributable to each other.

41. The Defendants acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of each Defendant are all legally attributable to each other Defendant.

42. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

43. At all times material hereto, Defendants, were the employers of Plaintiff and the purported class members she seeks to represent.

44. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

45. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, and all similarly situated class members her/their lawfully earned overtime wages in conformance with the FLSA.

46. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

47. At all times material hereto, corporate Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

48. At all times material hereto, the work performed by Plaintiff, and the purported class members, was directly essential to the business performed by Defendants.

49. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## IV.   STATEMENT OF FACTS

50. Plaintiff was hired to work for Defendants from January 2017 through December 11, 2020. Plaintiff was hired and scheduled for several hourly non-exempt positions on a daily, and weekly basis, including but not limited to the deli, cashier, Stocker, Bagger, Kitchen staff and Cleaning personnel, at the Defendants' grocery market and catering store locations throughout South Florida.

51. There are numerous persons similarly situated to Plaintiff who are, or were, employed as non-exempt hourly paid employees for Defendants during the liability period.

52. Plaintiff, and all other similarly situated class members, were paid an hourly rate, and regularly worked overtime compensation, but Defendants manipulated their payroll documents to purport to pay overtime compensation when such was not, and is not, properly paid.

53. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff and all similarly situated class members.

54. Defendants, YALOZ and RIBAK are/were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff and all similarly situated class members. Therefore, they are personally liable for the FLSA violations.

55. Defendants, YALOZ and RIBAK are/were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff and all other similarly situated class members.

56. Plaintiff has retained Richard Celler Legal, P.A. to represent her this litigation and has agreed to pay the firm a reasonable fee for its services.

## V. FLSA COVERAGE

> "The requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce and (3) that the employer failed to pay overtime compensation and/or minimum wages. *Id.*

### A. Employment Relationship

57. The FLSA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 203(d).

58. In addition, Defendants are/were in the business of providing grocery marketing and catering service to customers, and that is the service that Plaintiffs, provide. These employees are fully integrated into Defendants' business.

59. To ensure the highest customer service, satisfaction and companywide uniformity, Defendants dictated and directly managed the work of Plaintiff and all other similarly situated class members' employment.

  a. Training all employees.

  c. Dictating the manner and type of clothing to wear.

  d. Supervising the work of each employee on a daily basis.

  e. Scheduling for all employees.

  f. Pay for all employees.

  g. Disciplining employees up to and including termination.

60. Defendants' hired and paid Plaintiff, and other similarly situated employees of

Defendants as Deli Personnel, Cashiers, Stockers, Baggers, Kitchen staff and Cleaning personnel, responsible for grocery marketing and catering services to Defendants' customers in South Florida as well as throughout the State of Florida and across the United States.

61. On information and belief, Defendants are under common ownership and/or supervision of YALOZ and RIBAK and are organized for the sole purpose of providing grocery marketing and catering services.

62. On information and belief, Plaintiffs were paid for their work by Defendants.

63. Defendants determined Plaintiff's and other similarly situated employees of Defendants rate of pay, managed payroll, and provided Workers' Compensation insurance.

64. Both YALOZ and RIBAK, had all authority to, and regularly exercised that authority to hire or fire, determine rates of pay and manage payroll.

65. Based on the foregoing, Defendants are/is an employer as defined under the FLSA.

66. Based on the foregoing, YALOZ was/is an employer as defined under the FLSA.

67 Based on the foregoing, RIBAK was/is an employer as defined under the FLSA.

68. Defendants are/were employers as defined under the FLSA.

69. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" See *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

70. Plaintiff and others similarity situated were employed by Defendants.

71. Specifically, Plaintiffs and others similarity situated employees were suffered and permitted to work at Defendants' grocery market and catering stores on behalf of and for the sole benefit of Defendants.

72. Defendants also jointly employed Plaintiffs and other similarity situated non-exempt hourly paid employees.

73. At all times material to this action Defendants directly or indirectly, controlled and directed all aspects of the day to day employment of Plaintiffs and all others similarly situated non-exempt hourly paid employees, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) human resources; (viii) hiring and firing; (vii) working conditions; and (viii) manner and method of such employees performance of their duties.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)
*Plaintiff on behalf of herself and other similarly situated*
*Employees*

74.  Plaintiff repeats and realleges the above Paragraphs as if fully set forth herein.

75.  Defendants' do not pay its non-exempt hourly paid employees for all hours worked over forty (40) per workweek.

76.  Plaintiff's employment, and the employment of all similarly situated class members, with Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

77.  Defendants' would automatically deduct a thirty (30) minute meal break from Plaintiff and other similarly situated employees, although Plaintiff and Defendants' other non-exempt hourly paid employees did not actually take these breaks.

78.  During Plaintiff's employment, Plaintiff, and all other similarly situated class members, worked hours in excess of forty (40) per week for which she/they were not compensated at the statutory rate of time and one-half for all of her/their hours. Plaintiff, and all other similarly situated class members, was/were entitled to be paid at the rate of time and one-half for all her/their hours worked in excess of the maximum hours provided for in the FLSA.

79.  Records, if any, concerning the number of hours worked by Plaintiff and all similarly situated class members, and the actual compensation paid to Plaintiff, and all similarly situated class members, are in the possession and custody of the Defendants.

80.  Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, and all other similarly situated class members, at the statutory rate of time and one-half for all the hours she/they worked in excess of forty (40) hours per week when they knew or should have known such was due.

81.  Defendants failed to properly disclose or apprise Plaintiff and all other similarly situated class members of her/their rights under the FLSA.

82.  Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's and all other similarly situated class members' actual job duties and pay

structure rendered him/them exempt from recovering payment for all overtime worked under the FLSA.

83. Prior to violating the FLSA, Defendants did not consult with the DOL to evaluate whether Plaintiff's and all other similarly situated class members' actual job duties and pay structure rendered her/them exempt from recovering payment for all overtime worked under the FLSA.

84. Prior to violating the FLSA, Defendants did not consult with an accountant to evaluate whether Plaintiff's and all other similarly situated class members' actual job duties and pay structure rendered her/them exempt from recovering payment for all overtime worked under the FLSA.

85. Based on the allegations above, Plaintiff and all other similarly situated class members are entitled to liquidated damages as Defendants have no objective or subjective good faith belief that their pay practices were following the FLSA.

86. Defendants have been sued for similar, if not identical overtime violations in the past.

87. Due to the willful and unlawful actions of the Defendants, Plaintiff, and all other similarly situated class members, has/have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

88. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, HAON respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b. Conditionally certifying a class of all other similarly situated individuals who were subjected to the common and illegal pay practices of Defendants, giving rise to this lawsuit.

    c. Awarding Plaintiff and all other similarly situated class members, overtime compensation in the amount calculated;

    d. Awarding Plaintiff and all other similarly situated class members liquidated damages in the amount calculated;

e.  Awarding Plaintiff and all other similarly situated class members reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f.  Awarding Plaintiff and all other similarly situated class members post-judgment interest; and

g.  Ordering any other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 15th day of February, 2021.

Respectfully submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Counsel for Plaintiff*