UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
CASE NO.: 0:21-cv-60354-WPD

ZOILA HAON, on behalf of herself
and all others similarly situated,

    Plaintiff

vs.

AROMA MARKET AND CATERING, INC.
a Florida Profit Corporation, AROMA BOCA, INC.,
a Florida Profit Corporation, MEIR YALOZ, individually
and GIL RIBAK, individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
## AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiffs, ZOILA HAON, SHARON FAROH HAON, MIGUEL CHANG, and HOA VUONG ("Plaintiffs") and Defendants, AROMA MARKET AND CATERING, INC., a Florida Profit Corporation, AROMA BOCA, INC., a Florida Profit Corporation, MEIR YALOZ, individually, and GIL RIBAK, individually (collectively, the "Defendants") file this Joint Motion to Approve Plaintiffs' and Defendants' (collectively, the "Parties") Settlement and Stipulation to Dismissal of with Prejudice. As grounds, the Parties state:

    1.    On or about February 15, 2021, Plaintiff ZOILA HAON, on behalf of herself and all others similarly situated, filed the instant action asserting a claim under the Fair Labor Standards Act ("FLSA") against Defendants. *See* ECF No. 1.

2. ZOILA HAON alleged that she worked for Defendant from January 2017, through December 11, 2020, and that Defendant failed to pay her full and proper overtime compensation for all hours worked.

3. On February 16, 2021, Plaintiff SHARON FAROH HAON, filed her consent to join the above-captioned lawsuit as an opt-in Plaintiff. *See* ECF No. 7.

4. On May 17, 2021, Plaintiff MIGUEL CHANG, filed his consent to join the above-captioned lawsuit as an opt-in Plaintiff. *See* ECF No. 26.

5. On May 28, 2021, Plaintiff HOA VUONG, filed his consent to join the above-captioned lawsuit as an opt-in Plaintiff. *See* ECF No. 29.

6. Defendants deny all allegations and claims asserted by Plaintiffs.

7. Given the inherent risks and uncertainties of litigation, the Parties negotiated a reasonable, fair, and complete compromise of Plaintiffs' claims. The Parties determined that a resolution in this case at this juncture outweighs the risks and costs for both Parties in going forward with the suit.

8. The settlement was reached after the Parties investigated the matter, engaged in multiple discussion and reviewed relevant documentation, including pay and time records. The case involves disputed issues of liability and damages. Accordingly, Plaintiffs understand that the monetary consideration being paid in this action may be more than they might recover should the action proceed to trial and he/she prevail.

9. The Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents both Parties, and the terms of the Parties' resolution reflects a fair and reasonable compromise over disputed issues. Moreover, all attorneys' fees and costs were negotiated separately and without regard to the wage amounts

set forth in the Parties' Settlement Agreement. A copy of the Parties' Settlement Agreements are attached hereto as Exhibit "A."

## MEMORANDUM OF LAW

When an FLSA settlement involves a compromise, the settlement is submitted for judicial review and approval. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As would a District Court, the Court is to review the attached Agreement to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of counsel.

*See e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair and reasonable. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

Here, the resolution reached by the Parties was negotiated at arm's length by experienced counsel who protected the rights of both Parties, and did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due

3

consideration by both Parties after investigation, review of documentation, and negotiation. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiffs under the FLSA and also the amount of damages, if any, that were available to the Plaintiffs under the FLSA. To this end, the Parties have – at all times – been represented by competent counsel experienced in the litigation of FLSA claims. Defendants assert that Plaintiffs are not entitled to recover any overtime compensation because they were paid correctly for all hours worked. Plaintiffs assert that they regularly worked forty-five (45) hours per week and, further, that there was an auto-deduction of thirty (30) minutes for lunch, whether taken or not. Based on the foregoing, Plaintiffs asserted that Defendants failed to pay them full and proper overtime compensation.

In the instant case, the Parties reviewed the relevant records related to Plaintiffs' employment with Defendants, and engaged in several substantive conversations. Furthermore, it would be difficult to determine which days Plaintiffs allege they did not take a full, uninterrupted lunch break for which they should not have been automatically deducted a full thirty (30) minutes of pay. Plaintiffs allege they never received a full, uninterrupted lunch break, while Defendants purport every lunch break taken by Plaintiffs were uninterrupted and properly deducted from their hours worked.

As such, Plaintiff ZOILA HAON is receiving $2,500.00, with an equal amount ($2,500.00) in liquidated damages, for a total of $5,000.00. Plaintiff SHARON FAROH HAON is receiving $250.00, with an equal amount ($250.00) in liquidated damages, for a total of $500.00. And, Plaintiff MIGUEL CHANG is receiving $500.00, with an equal amount

($500.00) in liquidated damages, for a total of $1,000.00. Plaintiff HOA VUONG is receiving $500.00, with an equal amount ($500.00) in liquidated damages, for a total of $1,000.00.

The amount agreed to by the Parties, which Plaintiffs acknowledges may be more than what they might recover if they were to prevail at trial, is a fair and reasonable compromise of their FLSA claims, especially when considering the probability Plaintiffs will succeed on the merits, and the range of potential possible recovery.

With the Court's approval, the Parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiffs' wage and hour and overtime claims under the FLSA.

Plaintiff's Counsel is receiving $5,000.00 for attorneys' fees and costs.  As stated, the Parties agree that the attorneys' fee payment was negotiated separate from and without regard to the amount being paid to Plaintiffs, and further, that same represents a fair and reasonable amount to be paid to Plaintiffs' attorneys.

Finally, the attached agreements are the only agreements entered into by the Parties.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court find the agreed-upon resolution of Plaintiffs' FLSA claims to be fair and reasonable, and therefore, dismiss this action with prejudice.

Respectfully submitted this 8th day of March 2022.

| | |
|---|---|
| */s/ Noah E. Storch* | */s/ Elan I. Baret* |
| Noah E. Storch, Esq. | Elan I. Baret, Esquire |
| Florida Bar No. 0085476 | Florida Bar No. 20676 |
| Richard Celler Legal, P.A. | Baret Law Group, PA |
| 10368 W. SR. 84, Suite 103 | 3999 Sheridan Street, 2nd Floor |
| Davie, Florida 33324 | Hollywood, Florida 33021 |
| Telephone: (866) 344-9243 | Tel: (954) 486-9966 |
| Facsimile: (954) 337-2771 | Facsimile: (954) 585-9196 |
| Email: noah@floridaovertimelawyer.com | Email: elan@baretlawgroup.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this this 8th day of March 2022, a true and correct copy of the foregoing has been filed using CM/ECF which will send a copy of same to all counsel of record.

*/s/ Noah E. Storch*
**Noah E. Storch**